UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSEPH WILLIAMS-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-0570 AS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

*MEMORANDUM OPINION AND ORDER*

Petitioner Joseph Williams-Bey, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, asserting that a prison chaplain suspended him indefinitely from attending religious services without a hearing. The attachment to the petition establish that on August 8, 2006, the chaplain suspended him from religious center activities because of conduct toward the chaplain on August 6, 2006. The chaplain's action did not deprive the petitioner of earned credit time or demote him to a lower credit time earning classification.

The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But the Fourteenth Amendment's due process clause does not provide prisoners due

process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

The petitioner does not assert that he lost earned credit time or was demoted in credit time earning classification, and the document attached to his petition establishes that the sanction imposed on him did not affect his release date. Because he was only suspended from Religious Center activities, the petitioner has not suffered a sanction that is actionable under U.S.C. § 2254. The petitioner's request for a writ of habeas corpus must, therefore, be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

The petitioner suggests that the chaplain's conduct violated his First Amendment rights and rights protected by a federal statute. These claims may be cognizable in an action pursuant to 28 U.S.C. § 1983, but not in § 2254 action. *Preiser v. Rodriguez*, 411 U.S. 486, 498-500 (1983). If he wishes, the petitioner may file a § 1983 action regarding his First Amendment and federal statutory claims.

For the reasons stated in this order, the court **DISMISSES** this petition pursuant to

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**IT IS SO ORDERED.**

**DATED**: October  18  , 2006


                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**